**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:10CR00002-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **APRIL SHANNON HUTSON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Danielle Stone, Assistant United States Attorney, Abingdon, Virginia, for United States; April Shannon Hutson, Pro Se Defendant.*

April Shannon Hutson, who was sentenced by this court, has filed a pro se motion for early termination of supervised release. For the following reasons, I will grant Hutson's motion.

I.

In 2010, Hutson pled guilty to one count of conspiracy to distribute cocaine and OxyContin and one count of conspiracy to commit money laundering. She was sentenced by this court on September 8, 2010, to 210 months' imprisonment and five years of supervised release. In 2015, the court reduced Hutson's term of imprisonment to 168 months, but her term of supervision remained unchanged.

Hutson began her term of supervision on December 16, 2020. The United States Probation Officer who supervises Hutson confirms that Hutson has performed well on supervision. Hutson has maintained employment, has passed all substance

abuse testing, and has family support.  Hutson was placed on the probation office's administrative caseload in July 2022 due to her compliance.

The government opposes early termination, arguing that the 18 U.S.C § 3553(a) factors weigh against release.  The government contends that because Hutson was a leader in the drug conspiracy, was found responsible for the distribution of significant quantities of narcotics, and has only served a portion of her term of supervision, early termination is not warranted.

## II.

A court may terminate a term of a supervised release at any time after the expiration of one year of supervised release if the court is satisfied that such termination is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1).  In making such determination, the court must consider certain factors set forth in 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent

policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. *Id.* §§ 3583(e), 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

A court's decision to grant early termination is discretionary, even when the defendant has satisfied the conditions for termination. *United States v. Robinson*, Nos. 7:91-CR-00036, 7:91-CR-00153, 2023 WL 3457890, at *2 (W.D. Va. May 15, 2023). Neither time nor compliance is sufficient to warrant termination, "[b]ut allocation of scarce resources counsels in favor of terminating supervision in cases where services and oversight are no longer needed." *Id.* (quotation marks, citations, and alterations omitted).

I turn to the applicable § 3553(a) factors and the facts of this case. Hutson participated in an extensive drug conspiracy that spanned multiple states and lasted over seven years. She was found responsible for 15 kilograms of cocaine and 5,000 OxyContin tablets, which merely represents a cap provided by Hutson's plea agreement, and she was considered a manager in the conspiracy. These circumstances of Hutson's conviction weigh against early termination.

In contrast, Hutson's history and characteristics weigh in favor of release. Her Presentence Investigation Report indicates that she was addicted to pain pills at the time of her arrest, but her probation officer reports that she has passed all substance

abuse testing since being released from incarceration.  She has a minimal criminal history.  Her only reported conviction prior to her arrest for the underlying offense and a related state charge was for driving on a suspended driver's license in 1991.

Furthermore, Hutson is approaching her fifty-fourth birthday, and her probation officer reports that she has strong family support and that she maintains steady employment.  These facts, as well has her post-incarceration sobriety, suggest that deterrence, protection of the public, and the need for treatment are not factors of significant concern.

As for Hutson's established sentencing range, she faced a minimum term of supervised release of five years.  However, Hutson has now served more than 30 months of supervision without incident, approximately half of her imposed term, and she has been placed on the administrative caseload, which supports early termination.  Finally, I find that none of the other § 3553(a) factors weigh either in favor or against early termination of supervised release.

The purpose of supervision is to provide a "bridge or transitional period" from incarceration back to the unstructured world outside of prison, *United States v. Hamilton*, 986 F.3d 413, 418 (4th Cir. 2021), and it appears that Hutson has successfully navigated that transition.  Accordingly, considering the applicable § 3553(a) factors, Hutson's conduct, and the interest of justice, I find it appropriate to grant termination in this case.

III.

For the forgoing reasons, it is it is **ORDERED** that the Motion for Early Termination of Supervised Release, ECF No. 2016, is GRANTED.  April Shannon Hutson is hereby DISCHARGED from supervised release pursuant to 18 U.S.C. § 3583(e)(1).

The Clerk shall provide a copy of this Order to the defendant and to the U.S. Probation Office.

ENTER:  July 7, 2023

/s/  JAMES P. JONES
Senior United States District Judge